UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE W. BALTES, | : | |
| *Petitioner*, | : | |
| | : | |
| v. | : | No. 3:18-CV-1387 (KAD) |
| | : | |
| D.K.WILLIAMS, | : | |
| *Respondent*. | : | May 10, 2019 |

## MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DE#10)

**Statement of the Case**

On August 15, 2018, the petitioner, George W. Baltes, a prisoner in the custody of the United States Bureau of Prisons ("BOP") and currently confined at the Federal Correctional Institution in Danbury, Connecticut, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 against D.K. Williams, the warden of the prison. He challenges the BOP's refusal to transfer his custody to New York correctional authorities and to designate his New York facility as his place of confinement for his federal sentence. He argues such a transfer and designation is necessary to give effect to the United States District Court's determination that his federal sentence was to run concurrent with his New York state sentence. (DE#1). On October 15, 2018, the respondent moved to dismiss the petition for failure to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). Respondent asserts that the BOP's decision to keep the petitioner in federal custody was proper because it has primary jurisdiction over the petitioner. And absent a transfer of custody, the respondent asserts that it cannot require the state of New York to commence the running of his state sentence, especially since New York authorities have already determined that the state sentence will run consecutive to the federal sentence. (DE#10). The petitioner filed a

brief response to the motion on October 22, 2018 with additional authority in support of his position, (DE#11) and the respondent followed with a reply. (DE#12). On November 19, 2018, the petitioner filed a motion to file a sur-reply on the pending motion to dismiss. (DE#13). His motion included his argument in sur-reply. Although the petitioner did not seek leave of Court to file a sur-reply before submitting his written argument, as required by Local Rule 7(d), in the interest of justice, the Court will GRANT the petitioner's motion and accept his sur-reply. For the following reasons, however, the motion to dismiss the petition is GRANTED.

**Standard of Review**

Section 2241 grants federal courts jurisdiction to issue writs of habeas corpus to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003); *see also Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Bullock v. Reckenwald*, No. 15-CV-5255 (LTS) (DF), 2016 WL 5793974, at *7 (S.D.N.Y. Aug. 24, 2016) (quoting *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)). This includes claims arising from "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary sanctions . . . and prison conditions." *United States v. Salvagno*, No. 02-CR-51 (LEK), 2008 WL 5340995, at *2 (N.D.N.Y. Dec. 19, 2008) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).

This Court reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6). *See*

*Purdy v. Bennett*, 214 F. Supp. 2d 348, 353 (S.D.N.Y. 2002). To survive a motion to dismiss, the petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when . . . [the] [petitioner] pleads factual content that allows the [C]ourt to draw the reasonable inference that the [respondent is] liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the petition must show, not merely allege, that the petitioner is entitled to relief. *See id.*

The Court must accept as true the factual allegations in the petition and draw all reasonable inferences in the petitioner's favor. *Ashcroft*, 556 U.S. at 678. This principle does not, however, apply to the legal conclusions that the petitioner draws in the petition. *Id.*; *Bell Atlantic Corp.*, 550 U.S. at 555; *see also Amaker v. New York State Dept. of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011) (same). "Where . . . the [petition] was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Nevertheless, a *pro se* petition still must "state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Ashcroft,* 556 U.S. at 678).

Finally, in deciding a motion to dismiss, the Court may consider "statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the [petitioner] and upon which [he] relied in bringing the suit." *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The Court may also "take judicial notice of public records such as pleadings, orders, judgments, and

other documents from prior litigation, including state court cases." *Lynn v. McCormick*, No. 17-CV-1183 (CS), 2017 WL 6507112, at *3 (S.D.N.Y. Dec. 18, 2017) (citing *Lou v. Trutex, Inc.*, 872 F. Supp. 2d 344, 349 n.6 (S.D.N.Y. 2012)); *see also Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

**Facts and Procedural History**

The Court notes at the outset that the facts and procedural history of this case are not in dispute. The prosecution of the petitioner by both state and federal authorities is detailed in the public record of both cases.

On June 10, 2011, federal authorities arrested the petitioner for conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A) and 846. (DE#1-1 at 34); (DE#10-2 at 2). He was taken into federal custody and detained. While his federal case was pending, the state of New York charged the petitioner with violating his probation based on the new federal charges. The petitioner pleaded guilty to the violation charge in New York state court, and on July 27, 2011, the state court revoked his probation and sentenced the petitioner to an indeterminate period of one to three years' imprisonment. Of significance to this petition, at the time of the sentencing, the petitioner was still in the primary custody of the federal authorities. Although the petitioner's attorney and the state court judge both took note of the pending federal case, the state court's ruling was silent as to whether the New York sentence would run consecutive to, or concurrent with, any federal sentence which might be subsequently imposed in the event the petitioner was convicted on the pending federal charges.

The petitioner pled guilty to the federal charges, and on August 21, 2013 the United States District Court for the Northern District of New York sentenced him to 121 months of imprisonment. Sentencing Tr., *United States v. Baltes*, No. 11-CR-282 (MAD), DE#270 (N.D.N.Y. Aug. 21, 2013). In doing so, the judge stated that the 121-month sentence "shall run concurrent to any state sentence you are currently serving." *Id.*[1] However, at that time, the petitioner, though previously sentenced by the state court, was not "currently serving any state sentence" because the petitioner had remained in federal custody throughout his federal prosecution. On October 16, 2013, two months after the federal sentence was imposed, the state of New York lodged a detainer with the BOP indicating that it was treating the petitioner's New York sentence of one to three years imprisonment' as being consecutive to his federal sentence. (DE#10-3)

In November of 2015, the petitioner filed a motion in the State of New York County Court to "clarify" his state sentence. Specifically, he sought a clarification that his state sentence "was to run concurrently to any sentence imposed in the federal case." The state court denied his motion and ruled that the state sentence is consecutive because there was no federal sentence in existence at the time the state sentence was imposed, and therefore, the interplay between the two sentences was an issue that could only be addressed in the federal court. In a subsequent letter to the petitioner's attorney, the New York Department of Corrections and Community Supervision ("NYDOCCS") added that the New York Penal Law does not permit a sentence to run concurrently with a term of

---

[1] The federal sentence was later amended to 120 months based on the retroactive application of an amendment to a sentencing guideline range. *United States v. Baltes*, No. 11-CR-282 (MAD), DE#289 (N.D.N.Y. Apr. 21, 2015).

5

imprisonment that has not yet been imposed, and therefore, the state sentence would not commence until the petitioner is received by the NYDOCCS.

On April 6, 2017, the petitioner filed an Informal Resolution with his correctional counselor requesting that the detainer be removed and that federal authorities transfer him to state custody so that he may begin serving his state sentence. (DE#1-1 at 1-2). The counselor declined to afford the petitioner any relief because the NYDOCCS deemed his state sentence as being consecutive to the federal sentence and federal authorities still had primary jurisdiction over him. (DE#1-1 at 3). The petitioner thereafter filed an administrative remedy requesting the same relief, arguing that his federal sentence was ordered to run concurrent with his state sentence. (DE#1-1 at 4). The respondent, Warden Williams, denied his request on February 23, 2018. (DE#1-1 at 7). He reasoned that 18 U.S.C. § 3621(a) requires a person convicted in federal court to be committed to the custody of the BOP "until the expiration of the term imposed, or until earlier released for satisfactory behavior;" (quoting 18 U.S.C. § 3621(a)); and the detainer from the NYDOCCS indicates that his state sentence is to run consecutive to the federal sentence.

The petitioner appealed the respondent's decision to the Regional Director of the BOP. (DE#1-1 at 8). He again argued that a transfer to the NYDOCCS was warranted because his federal sentence was ordered to run concurrent with the New York sentence. He relied upon the BOP's Program Statement 5160.05(3)(a) which provides that "[s]tate institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." (DE#1-1 at 21). The petitioner added that § 3621(b) gives the BOP authority to designate a state facility as the place to serve his federal sentence.

6

The Regional Director rejected the petitioner's request for relief. (DE#1-1 at 12-13). The Director reasoned that, because the federal authorities arrested the petitioner before the state authorities, federal authorities had primary custody over him and the BOP was therefore required to keep the petitioner until he had served the federal sentence or until it relinquished primary custody. Although the Director acknowledged that the "federal sentencing court directed [the petitioner's] federal sentence [to] run concurrent with [his] state probation violat[ion] term, th[e] directive [was] insufficient to relinquish primary federal custody over [him]." Absent a relinquishment of primary custody, the Director ruled that the BOP could not transfer the petitioner to state custody to begin serving a state sentence.

The petitioner then appealed the Regional Director's decision to the BOP Office of General Counsel, raising many of the same arguments and legal authority. (DE#1-1 at 14-15). The General Counsel agreed with the Regional Director that the state sentence was imposed while the petitioner was in "primary federal custody" and that the BOP cannot force the NYDOCCS to commence his state sentence. (DE#1-1 at 20).

On January 5, 2018, while he was pursuing BOP administrative remedies, the petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of New York. Pet., *Baltes v. Attorney General of the State of New York*, No. 9:18-CV-25 (MAD) (DJS), DE#1 (N.D.N.Y. Jan. 5, 2018). His § 2254 petition states three grounds for relief. First, the petitioner claims that the attorney representing him during his violation of probation proceeding in New York, was ineffective because he incorrectly assured him that by pleading guilty to the violation, he would immediately commence his one-to-three-year sentence. *Id.* at 6.

Second, the petitioner asserts that NYDOCCS's decision to treat his state sentence as consecutive to the federal sentence is unconstitutional. *Id.* at 7. Third, the petitioner claims that his admission to the violation of probation was not entered knowingly, intelligently, and voluntarily, because he was not informed that his state sentence might run consecutive to the federal sentence. *Id.* at 10. The respondent in that case has argued that the § 2254 petition is untimely under 28 U.S.C. § 2244(d). Mem. of Law in Opp'n to Pet. for Writ of Habeas Corpus, *Baltes v. Attorney General of the State of New York*, No. 9:18-CV-25 (MAD) (DJS), DE#6. After filing his response, the petitioner requested that the district court expedite its ruling on the § 2254 petition, which the district court denied. Text Order, *Baltes v. Attorney General of the State of New York*, No. 9:18-CV-25 (MAD) (DJS), DE#19. The petitioner has appealed that ruling, and his appeal remains pending. Appeal, *Baltes v. Attorney General of the State of New York*, No. 9:18-CV-25 (MAD) (DJS), DE#20. Thus, no decision has been reached on the § 2254 petition. The petitioner filed the instant petition in this Court on August 15, 2018.

**Discussion**

The petitioner in this case is requesting that the Court remove the detainer lodged by the state of New York and either "acknowledge that the state sentence has been served in full . . . or in the alternative, [order the BOP to] designate and send [him] to the NYDOCCS so that [he] may complete the rest of the . . . state sentence." Pet. at 8. He claims that the BOP should use its authority under 18 U.S.C. § 3621(b) and BOP Program Statement 5160.05 to designate a New York facility as the place of his confinement to give effect to the federal sentencing court's intent that the two sentences run concurrently. *Id.* at 2-7. The respondent counters that the federal sentencing judge's

order was based on inaccurate information, and the BOP properly retained primary custody over the petitioner. Resp't's Mem. at 6-8. The Court agrees with the respondent.

The interplay between multiple terms of imprisonment is typically governed by 18 U.S.C. § 3584(a). Section 3584(a) provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Section 3584 only applies when (a) multiple terms of imprisonment are imposed *at the same time*, or (b) if a term of imprisonment is imposed on a defendant who has already begun serving a previously imposed sentence. *McCarthy v. Doe*, 146 F.3d 118, 121-22 (2d Cir. 1998). Neither of these conditions apply to the petitioner's situation because (a) his federal and state sentences were imposed two years apart, and (b) he had not begun serving his state sentence at the time his federal sentence was imposed. Because § 3584(a) does not apply in this instance, the BOP must exercise its discretion under § 3621(b) to review the petitioner's request that he be transferred to the NYDOCCS to serve both sentences concurrently. *See McCarthy*, 146 F.3d at 123 (BOP should exercise its discretion under § 3621(b) to review petitioner's request for *nunc pro tunc* designation).

Under § 3621(b), the BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP]." 18 U.S.C. § 3621(b). The designated facility may be a state or federal facility and need not be in the same district where the defendant was convicted. *Id.* Thus, the

BOP could transfer the petitioner to a New York state facility and then designate that state facility as the place of his federal confinement. Such a transfer and designation would have the effect of allowing his federal sentence to run concurrently with his state sentence. *See Setser v. United States*, 566 U.S. 231, 235, 132 S. Ct. 1463 (2012); *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005). Before making any such transfer decisions, however, the BOP must consider the five factors listed in § 3621(b). Those factors are:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The BOP must consider all five factors before designating another facility as the place of confinement. *See Evans v. Willingham*, 413 F. Supp. 2d 155, 159-60 (D. Conn. 2006) (citing *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 245-46 (3d Cir. 2005)).

The Court reviews the BOP's determination under § 3621(b) of whether to designate a state facility for service of a federal sentence for an abuse of discretion. *See McCarthy*, 146 F.3d at 123 n.4; *see also Abdul-Malik*, 403 F. 3d at 76 ("The decision whether to designate a facility as a place of federal detention is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy") (internal quotations omitted). "[A]n agency 'abuses its discretion if its decision rests on an error of law or a clearly erroneous factual finding or if its decision cannot be located

within the range of permissible decisions.'" *Mitchell v. Lara*, No. 11-CIV-1540 (LBS), 2011 WL 5075117, at *6 (S.D.N.Y. Oct. 25, 2011) (quoting *Rajah v. Mukasey*, 544 F.3d 449, 453 (2d Cir. 2008)). The BOP must give "full and fair consideration" to a prisoner's request for such a designation. *Abdul-Malik*, 403 F.3d at 76.

In rejecting the petitioner's request for a transfer to state custody, the BOP relied on Program Statement 5160.05, which outlines the policies and responsibilities for designation of a state institution for concurrent service of a federal sentence under § 3621(b). (DE#1-1 at 21-38). The Statement provides that "[s]tate institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." *Id.* at 21. "When a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the [BOP] implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence." *Id.* at 23 (quoting *United States v. Hardesty*, 958 F.2d 910 (9th Cir. 1992)). However, the Statement further states that a state or non-federal institution is selected for concurrent service of a federal sentence because "**primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence be served concurrently with the non-federal sentence.**" *Id.* at 24 (emphasis added).

Here, the petitioner claims that the BOP should transfer him to state custody under § 3621(b) and Program Statement 5160.05 because the federal sentencing court intended that his state and federal sentences run concurrently. However, the BOP correctly determined, and the petitioner does not dispute, that federal authorities had

11

primary custody over the petitioner when they arrested him in June of 2011 and thereafter to the present. "As a general rule, the first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration." *Dutton v. U.S. Attorney General*, 713 F. Supp. 2d 194, 200 (W.D.N.Y. 2010) (quoting *Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991)). Thus, the federal authorities, as the sovereign which first arrested the petitioner, had primary jurisdiction over him, regardless of the order in which the two sentences were imposed. *See In re Liberatore*, 574 F.2d 78, 88 (2d Cir. 1978); *Shumate v. U.S.*, 893 F. Supp. 137, 139 (N.D.N.Y. 1995).

Primary jurisdiction continues until the first sovereign, in this case the federal government, "relinquishes its priority by, for example, bail release, dismissal of the . . . charges, parole release, or expiration of the sentence." *Dutton*, 713 F. Supp. 2d at 200.

The petitioner's claim is not without basis however. At sentencing, the district court told the petitioner that his federal sentence "shall run concurrent to any state sentence *you are currently serving*." Sentencing Tr. (emphasis added). It appears from the face of the record that the federal sentencing court was under the mistaken impression that the petitioner was, at that time, in state custody serving the one-to-three-year sentence that had been imposed two years earlier. Unfortunately, neither the prosecutor nor the petitioner's attorney corrected the record. Had the judge been correct, the BOP would have implemented such an order by designating the state facility where the petitioner was confined for service of his federal sentence under § 3621(b). *See U.S. v. Burgos*, 2 F. App'x 134, 137 (2d Cir. 2001) (BOP implements federal court order for term of imprisonment to run concurrent with state imprisonment term already imposed by

designating state facility as place to serve federal sentence). But the federal court was not correct and therefore the order could not be given effect.

The petitioner relies on *McCauley v. Williamson*, No. 1:08-CV-0528 (CCC), 2008 WL 2779298 (M.D. Pa. July 14, 2008). There, the petitioner, while in primary federal custody, pleaded guilty in the United States District Court for the Northern District of New York to possession of an unregistered firearm. *Id.* at *1. He was then brought to state court pursuant to a writ of habeas corpus *ad prosequendum* in New York where he received an indeterminate 40-month to 120-month sentence for violation of probation. *Id.* The petitioner was then returned to federal custody where he received a 60-month sentence for his firearm conviction. *Id.* at *2. The federal sentencing judge "recommend[ed] this sentence run concurrently with the previously imposed state sentence." *Id.* Although the federal habeas court agreed with the respondent that the petitioner was at all relevant times in primary federal custody, it ruled that the BOP abused its discretion by refusing to designate a state facility as his place of confinement for concurrent service of his federal sentence under § 3621(b), which would have given effect to the federal sentencing court's recommendation that the federal sentence run concurrent with the previously imposed state sentence. *Id.* at *4. Thus, the habeas court granted the § 2241 petition and ordered the BOP to "consider-in good faith-whether or not a non-federal institution in the state of New York should be designated as the place for the petitioner to serve the remainder of his federal sentence." *Id.* at *5.

The petitioner also relies on *Alazzam v. Hollingsworth*, No. 16-3276 (RMB), 2016 WL 6436810, at *1 (D.N.J. Oct. 31, 2016). There, the petitioner, while in primary federal custody, was sentenced on federal narcotics charges to a term of imprisonment

13

which was ordered "to run concurrently with [a] previously imposed New York state sentence." The federal habeas court agreed with the respondent that federal authorities had primary custody over the petitioner but, nevertheless, found that the BOP abused its discretion by failing to consider all five factors under § 3621(b) before refusing to honor the petitioner's request for a transfer to state facility to give effect to the sentencing court's order that the sentences be concurrent. *Id.* at *5.

Neither of these cases address the situation here - where the federal sentencing court's order was based on inaccurate information regarding the previously imposed state sentence. The federal court was under the misimpression that the petitioner was then "currently serving" a state sentence, not that the petitioner was subject to a previously imposed but unexecuted state sentence. Thus, although the federal sentencing court ordered that the two sentences be concurrent, it did so under the mistaken belief that the petitioner had already commenced his state sentence. This Court cannot assume the outcome had the sentencing court been accurately apprised of the petitioner's situation.

As much as this Court empathizes with the petitioner's situation, the mistake of law in this case does not lie with the BOP. The error occurred during his federal sentencing proceeding. The sentencing court was not provided with accurate information regarding the previously imposed state sentence, and as a result, issued an order that conflicts with long-standing principles of comity, particularly the primary custody doctrine. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 2015) (courts must determine whether state or federal government had primary jurisdiction because priority of custody determines when sentence begins). To grant the petition in this case would be to order the BOP to send the petitioner to state custody to serve an indeterminate one-to-three-

year sentence and then return him to federal custody to serve the remainder of his federal sentence when it is not at all clear that such an order comports with the federal sentencing court's mandate.

**Conclusion**

The Court concludes that the BOP did not abuse its discretion in denying the petitioner's request for a transfer to state custody under § 3621(b). Therefore, the motion to dismiss the petition for writ of habeas corpus (DE#10) is GRANTED. The motion to file a sur-reply (DE#13) is GRANTED. The petition is hereby dismissed.

**SO ORDERED.**

Dated this 10th day of May at Bridgeport, Connecticut.

/s/_____
Kari A. Dooley
United States District Judge